

**SO ORDERED.**
**SIGNED this 26th day of April, 2022**

*/s/ Shelley D. Rucker*
Shelley D. Rucker
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

In re:

**Matter of Applicant**
**Replacement Filings.**

No. 1:22-mp-00101

## MEMORANDUM AND ORDER

Applicant[1] has filed a Motion to Redact pursuant to Federal Rule of Bankruptcy Procedure 9037(h).  The Motion requests (a) restriction of public access to previously filed non-complying attachments to proofs of claim ("Impacted Documents"); (b) permission to provide the properly redacted documents within 60 days; and (c) delay of service to parties other than the United States Trustee until after the Court enters an Order on the Motion.

Rule 9037(h)(1) contains the following requirements for a motion to redact a previously filed document:

---

[1] Applicant refers to the movant in the miscellaneous proceeding who filed the Motion to Redact (Doc. No. 1), which was filed as a restricted-access event under Fed. R. Bankr. P. 9037(h).

> Unless the court orders otherwise, if an entity seeks to redact from a previously filed document information that is protected under subdivision (a), the entity must:
>
> (A) file a motion to redact identifying the proposed redactions;
>
> (B) attach to the motion the proposed redacted document;
>
> (C) include in the motion the docket or proof-of-claim number of the previously filed document; and
>
> (D) serve the motion and attachment on the debtor, debtor's attorney, trustee (if any), United States trustee, filer of the unredacted document, and any individual whose personal identifying information is to be redacted.

Fed. R. Bankr. P. 9037(h)(1).

Applicant asks the Court to use its discretion under the Rule to "order otherwise" and to exempt Applicant from (1) filing a motion to redact in each of the 47 cases identified in Exhibit A of the Motion (the "Impacted Cases"); and (2) serving the Motion on the each debtor, each debtor's attorney, the case or standing trustee, the United States Trustee, the filer of the unredacted document, and any individual whose personally identifying information is to be redacted. Fed. R. Bankr. P. 9037(h)(1)(A) and (D). In addition, Applicant wants to be excused from filing the properly redacted attachments ("Replacement Documents") with the Motion and offers to supply the documents within the next 60 days. Fed. R. Bankr. P. 9037(h)(1)(B).

The Motion expresses little or no support for the requested exemption. The only stated grounds for relief, on *ex parte* basis, are "the sensitive nature of the personally identifiable information and the recent data breach of the federal judiciary's electronic filing and case management system." Motion (Doc. No. 1 at 3, ¶ 11). Rule 9037 requires the Court, upon the filing of a motion that complies with the Rule, to "promptly restrict public access to the motion and the unredacted document pending its ruling on the motion." Fed. R. Bankr. P. 9037(h)(2). The Court has already taken steps to restrict public access to the Impacted Documents identified

in Exhibit A to the Motion from the electronic case management system and PACER. Nevertheless, Applicant was hesitant to file a motion in each case. Perhaps, the appearance of an order granting a motion to redact on the docket of 47 cases could provide a clue to a party seeking to misuse personal identifiers that there was a significant failure by a certain party to redact that information. Whatever the exact motivation for the format of the request, the problem needs to be promptly remedied.

As to the use of an omnibus proceeding, the Court takes judicial notice that an omnibus hearing is generally more efficient and less expensive for the filing party. It also saves generally saves the Court's time by requiring the entry of only one order granting the relief requested as opposed to an order in each case. While the number of matters might not have justified the deviations requested, the Court finds that insistence on compliance with Rule 9037 will only prolong the risk that Applicant seeks to remedy. Therefore, the Court will grant the relief requested, with some modifications to provide protection to the debtors' information as promptly as possible now that the request has been made.

Therefore, for the reasons stated herein, the Court ORDERS that Applicant need not file a Motion in each case and hereby AUTHORIZES Applicant to proceed with its request in an omnibus miscellaneous proceeding. The Court also ORDERS that access to the Motion, its exhibits, and the Impacted Documents remain restricted.

The Court GRANTS the request to delay service of the Motion until the Court has entered this Order. The Motion was filed without service, and requiring the process to start over would only delay the protection of the individuals whose information was not redacted. Also, a short delay in service does not present a greater degree of risk to the debtors than what they already face. Therefore, it is ORDERED that within three (3) business days of entry of this

Order, Applicant must serve a copy of the Motion with Exhibit A and this Order on the parties required to be served by Rule 9037(h)(1)(D). Applicant must promptly file a certificate of service in the miscellaneous matter showing that the appropriate parties for each of the 47 cases listed in Exhibit A to the Motion have been served within the time required by this Order.

The Court DENIES the request to file the redacted documents within 60 days. Applicant has not shown any reason why the redacted documents should not have been attached in compliance with Rule 9037(h)(1)(B) at the time the motion was filed. Applicant must file Replacement Documents in this Miscellaneous Proceeding within seven (7) days of the entry of this Order. Upon receipt of the Replacement Documents, the Court will docket the new attachment in each case in compliance with Rule 9037(h)(2). Access to the Replacement Documents will be restricted only in the Miscellaneous Proceeding.

It is further ORDERED that nothing in this Order will affect the rights of the United States Trustee, any debtor, any attorneys of record for that debtor, or any case trustees in the Impacted Cases, prior to filing the Replacement Documents, to request access from the Court to the Impacted Documents. Further, the relief granted herein will not have any substantive or material effect on the cases or the rights of the debtors, creditors, and parties-in-interest therein.

This Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation or interpretation of this Order.

###